# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SMILEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PNC BANK, N.A., et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-2189-MMA-BLM<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Doc. No. 7] |

On December 5, 2024, Plaintiff Ali Smiley ("Plaintiff") filed a motion to remand this action to California Superior Court, County of San Diego. Doc. No. 7. Defendant PNC Bank, N.A. ("Defendant") filed a response in opposition, to which Plaintiff replied. Doc. Nos. 9, 12. The Court took this matter under submission on January 17, 2025, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Doc. No. 13. For the reasons below, the Court **DENIES** Plaintiff's motion to remand.

## I. Background[1]

Defendant, a corporate entity, employed Plaintiff, an individual, since on or around June 1, 2021, when it completed acquisition of Plaintiff's previous employer. Doc. No.

---

[1] For the purposes of resolving this motion, the Court draws these facts from Plaintiff's complaint.

1-2 ("Compl.") ¶¶ 1–2, 10.  Plaintiff served as Vice President, Relationship Manager, for Defendant's Business Banking division.  *Id.* ¶ 10.  On or around February 26, 2023, Plaintiff alleges that he submitted a complaint to Defendant's HR department concerning, among other things, an alleged "pattern of favoritism toward non-Middle Eastern/Non Muslim/Non female employees in this district."  *Id.* ¶12.  Plaintiff had made similar complaints before concerning Defendant's hiring process.  *Id.* ¶ 15.  However, as with past complaints, Defendant's HR department took no action beyond holding a Zoom meeting with Plaintiff.  *Id.* ¶¶ 13–14.

After Plaintiff made this HR complaint, Defendant placed him on a performance improvement plan and demoted him to the role of "banker."  *Id.* ¶ 16.  "During this time, Plaintiff suffered from severe stress and anxiety . . . dreaded going to work . . . gained a significant amount of weight . . . [and] suffered from insomnia.  Plaintiff's day-to-day personal and professional relationships suffered."  *Id.* ¶ 17.  Plaintiff informed Defendant of these conditions and "requested an accommodation."  *Id.* ¶ 19.  However, Defendant failed to provide one or otherwise engage with his request.  *Id*.  On or about May 1, 2023, Plaintiff submitted his resignation, he alleges, because of Defendant's actions regarding his HR complaint and his conditions/accommodation request.  *Id.* ¶ 20.

Plaintiff filed his initial complaint in California Superior Court, County of San Diego, on August 14, 2024.  Compl. at 1.  Defendant removed this action on November 21, 2024.  Doc. No. 1.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute."  *Id*.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).  The party seeking federal jurisdiction bears the burden of establishing jurisdiction.  *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen.*

*Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).

Title 28 of the United States Code, Section 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. DISCUSSION

Defendant removed this action asserting that the Court has jurisdiction pursuant to 28 U.S.C. §1332, "diversity jurisdiction." *See* Doc. No. 1 at 6–7.[2] Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2). Plaintiff moves to remand this case on the grounds that Defendant has failed to establish the requisite diversity of citizenship and amount in controversy for the Court to exercise jurisdiction.[3] Doc. No. 7 at 2.

### A. Citizenship

First, Plaintiff alleges that his "[c]omplaint does not allege the location of Plaintiff's residence and Defendant has not submitted any evidence whatsoever in support of its claim that Plaintiff resides in San Diego, California at the time of Removal." Doc. No. 7 at 13. Defendant responds by pointing to a declaration submitted in support of its removal papers, demonstrating "that Defendant is a citizen of Delaware and Plaintiff was a California resident while he was employed with Defendant." Doc

---

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.
[3] Plaintiff presents its arguments in reverse order. Plaintiff also appears to argue that Defendant does not sufficiently prove jurisdiction under the "federal question" doctrine. Doc. No. 7 at 7. As Defendant does not appear to claim jurisdiction under the doctrine, the Court need not address it.

No. 9 at 15.  This, Defendant asserts, evidences an intent to remain in California sufficient to establish California citizenship.  *Id.*

For the purposes of assessing jurisdiction, the Court uses the parties' citizenships at the time the suit was filed.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).  "[A] natural person's state citizenship is . . . determined by [their] state of domicile, not [their] state of residence.  A person's domicile is [their] permanent home, where [they] reside[] with the intention to remain or to which [they] intend to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).[4]

A party asserting diversity of citizenship, if challenged, must support allegations of diversity by a preponderance of the evidence.  *Digital Media Sols., LLC v. Zeetogroup, LLC*, No. 22-CV-1184 JLS (AHG), 2022 WL 16639293 *5 (S.D. Cal. Nov. 2, 2022); *cf. NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.  However, at the pleading stage, allegations of jurisdictional fact need not be proven unless challenged.") (internal citations omitted).  "If a defendant carries its burden of presenting evidence that diversity of citizenship exists, the burden of production shifts to the plaintiff to rebut the evidence of diversity of citizenship . . . ."  *Bolger-Linna v. Am. Stock Transfer & Tr. Co., LLC*, No. 3:24-CV-00539-RBM-VET, 2024 WL 4713905 *5 (S.D. Cal. Nov. 7, 2024)

The Court notes, first, a notice of removal need only contain a "short and plain statement for the grounds of removal," and need only be proved when the facts underlying those statements are challenged.  28 U.S.C. § 1446; *NewGen, LLC v*, 840 F.3d at 613–14 (citing *Kanter* 265 F.3d at 857).  Thus, Defendant's statement that "Plaintiff, . . . is, and has been at all times since this action commenced, a citizen of California[]" was sufficient until challenged.  Doc. No. 1 at 7.  For that same reason, the Court is not

---

[4] Plaintiff does not appear to dispute that he is a United States citizen.

persuaded by Plaintiff's objection that Defendant's attachments in its opposition is untimely. Doc. No. 12 at 5–6.

Given the record as a whole, Defendant sufficiently proves that Plaintiff was a citizen of California when the suit was filed, and that Defendant is a citizen of Delaware. As to Plaintiff, Defendant attaches to its notice of removal a declaration by its employee relations investigations manager. Doc. No. 1-5 ("Collins Decl."). Within, the declarant asserts that "[b]ased on information from Plaintiff's personnel file and information in PNC's current possession, Plaintiff listed a San Diego, California address as his address during his employment with PNC." *Id.* ¶ 7. According to the complaint, that residency dates to at least June 1, 2021, when Defendant acquired his former employer, and continued California until at least on or around February 2023, when his employment ended. FAC ¶ 10. Additionally, Plaintiff himself asserts that he " made it clear to his manager . . . that his plan was to remain with Defendant for the long term." *Id.* ¶ 11. Given this information, and that this motion is made at the pleading stages, the Court determines that Defendant sufficiently establishes that Plaintiff was domiciled in California. *See Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed."); *see also Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (same). Importantly, Plaintiff does not provide conflicting evidence of his domicile, nor does he allege of what other state he is a citizen, if not California, but instead attacks Defendants' "Comprehensive Person Report" attached to its opposition. *See* Doc. No. 7 at 13–15; *see generally* Doc. No. 12.[5] However, even without this report, Defendant provides sufficient evidence of Plaintiff's citizenship. Producing no evidence to rebut

---

[5] Though it is skeptical of hearsay objections presented within a motion to remand at this stage of litigation, the Court need not resolve Plaintiff's objection made on that basis, as it can adduce citizenship without the report.

Defendant's, the Court finds that Plaintiff's California citizenship is duly established. *See Bolger-Linna*, 2024 WL 4713905 at *5.

Defendant likewise provides evidence, unchallenged by Plaintiff, that as a nationally chartered bank with articles of association declaring a main office in Delaware, that it is a citizen of Delaware. Collins Decl. ¶ 5. This appears proper. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Thus, the Court determines that there is full diversity of citizenship.

**B.     Amount in Controversy**

Plaintiff also argues that Defendant fails to prove that the amount in controversy exceeds $75,000, as required for diversity jurisdiction. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . we apply a preponderance of the evidence standard[,]" under which a defendant must put forth evidence to demonstrate that it is more likely than not that the amount in controversy is greater than $75,000. *Id.* at 699–701.

Here, Plaintiff includes in his state court complaint a prayer for "all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than five million dollars ($5,000,000) and no more than ten million dollars ($10,000,000)" among other relief separately enumerated, including attorneys' fees and punitive damages. Compl. at 26. Plaintiff does not deny that he seeks this amount, but now seeks to label his own allegations as "speculative" and challenge the sufficiency of Defendant's evidence.[6] Doc. No. 7 at 8–

---

[6] The Court takes note that, in its motion to remand, Plaintiff admits that "[n]ormally, [proving the amount in controversy] is satisfied if the plaintiff claims a sum greater than the jurisdictional

13.  Plaintiff also, in his motion, attempts to merge the "actual, consequential, and incidental" damages in with the restitution, punitive damages, attorneys' fees, and costs that he lists independently in his prayer for relief. *Compare id.*, *with* Compl. at 26. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  As Plaintiff pleads actual, consequential, and incidental damages exceeding $75,000 (by magnitudes) and there is no indication that, to a legal certainty, Plaintiff cannot recover that amount, the Court determines the amount in controversy requirement is satisfied.

## IV. CONCLUSION

As there is complete diversity and the amount in controversy is greater than $75,000, jurisdiction is proper.  The Court thus **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: January 27, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

requirement," and thus is somewhat uncertain as to the cause for Plaintiff's dispute here.  Doc. No. 7 at 10.